# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICK BANKS, | : | CIVIL ACTION NO. 1:10-CV-1103 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| BRUCE PEARSON, et al., | : | |
| Defendants | : | |

## ORDER

AND NOW, this 26th day of May, 2010, upon preliminary consideration of plaintiff's *Bivens*[1] styled civil rights action pursuant to 28 U.S.C. § 1331, in which he alleges that the named defendants violated his Fifth Amendment rights to due process and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-06, and it appearing that he seeks to proceed in forma pauperis (Doc. 3), 28 U.S.C. § 1915, and it further appearing that the "three strikes" provision of the Prison Litigation Reform Act of 1996 ("PLRA"), codified at 28 U.S.C. § 1915, prohibits him from proceeding in forma pauperis as he has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim[2], and it further

---

[1] Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courses to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

[2] This court has previously taken judicial notice of the following civil rights actions filed by plaintiff that were dismissed as legally frivolous for failure to state a

appearing that there is no indiction that plaintiff "is under imminent serious physical injury," 28 U.S.C. § 1915(g) (setting forth the three strikes rule which provides that an inmate who has three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim may not proceed in forma pauperis "unless the prisoner is under imminent danger of serious physical

---

claim upon which relief may be granted: (1) <u>Banks v. Hayward, et al.</u>, Civil No. 2:06-CV-00509 (W.D.Pa. May 30, 2006) (Lancaster, J.); <u>Banks v. Hayward, et al.</u>, Civil No. 2:06-CV-01572 (W.D. Pa. Jan. 10, 2007) (Lancaster, J.); <u>Banks v. Dove, et al.</u>, Civil No. 1:06-CV-02289 (M.D. Pa. Jan. 16, 2007) (Conner, J.); and, <u>Banks v. Pittsburgh Tribune Review, et al.</u>, Civil No. 2:07-CV-00336 (W.D. Pa. May 4, 2007) (Lancaster, J.). <u>Banks v. Crockett</u>, Civil No. 1:07-CV-1019, 2007 WL 1655504, * 2 (M.D. Pa. June 7, 2007) (Conner, J.)

The following comprehensive recitation was set forth in a report and recommendation of United States Magistrate Judge Amy Reynolds Hay, which was adopted by the Honorable Gary L. Lancaster, United States District Court for the Western District of Pennsylvania:

> Since February 3, 2005, Plaintiff has filed or participated as a party plaintiff or intervenor in approximately 45 civil actions in the federal District Courts. Since January 20, 2005, Plaintiff has filed or participated in roughly 31 bankruptcy cases. Since March 9, 2005, Plaintiff has filed or participated in approximately sixty cases in the federal Courts of Appeals. As a consequence of his litigation activities, Plaintiff has accumulated many more than three strikes. See, e.g., <u>Banks v. U.S. Marshal</u>, 274 Fed. Appx. 631 (10th Cir. 2008) (assessing four strikes); <u>Banks v. Vio Software</u>, 275 Fed. Appx. 800 (10th Cir. 2008)(assessing two strikes)(available on PACER); <u>Banks v. PNC Bank</u>, No. C06-1109JLR, 2007 WL 2363064, at *1 n. 2 (W.D. Wash. Aug.14, 2007) (counting three strikes against Plaintiff based upon two suits filed in the Western District and one suit filed in the Middle District of Pennsylvania); <u>See also Banks v. Williams</u>, No. 5:07-CV-226, 2008 WL 544946, (S.D. Miss. Feb. 21, 2008)(denying Plaintiff IFP status because he has at least three strikes). Given his litigiousness, it is not surprising that Plaintiff sometimes files duplicative or repetitious lawsuits.

<u>Banks v. County of Allegheny</u>, 568 F. Supp. 2d 579, 586 n.1 (W.D. Pa. 2008).

injury"); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc), it is hereby ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. 3) is DENIED.

2. The administrative order (Doc. 5) is hereby VACATED. The Clerk of Court shall send notice to the warden at plaintiff's present place of incarceration.

3. Plaintiff's complaint (Doc. 1) is DISMISSED without prejudice, pursuant to 28 U.S.C. § 1915(g).

4. The Clerk of Court is directed to CLOSE this case.

5. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

                                                S/Christopher C. Conner
                                                CHRISTOPHER C. CONNER
                                                United States District Judge